OPINION OF THE COURT
C. Raymond Radigan, J.
In this accounting proceeding, by way of correspondence, the attorneys for the petitioners request that this court transfer an intermediate testamentary trustees’ accounting of a trust, created by a decedent under his will which was admitted to probate in the Surrogate’s Court of Nassau County, to the Surrogate’s Court of New York County. It appears there are four inter vivos accounting proceedings pending in the New York County Surrogate’s Court and for convenience the attorneys for the petitioners seek the transfer.
The main purpose of enacting the new SCPA 205 was to ease transfer of proceedings that were not properly brought within the Surrogate’s Court of one county. In the past, if the court lacked jurisdiction, the proceedings would have to be dismissed. Now, the Surrogate on his own or on motion of a person interested can initiate a transfer to a proper county, but the emphasis must be on the word "proper”. This court is the proper county for administering the trust of a will that has been admitted to probate in Nassau County. The aforementioned correspondence appears to misconstrue the reasons why SCPA 205 was amended. The legislative memorandum accompanying the proposed legislation clearly indicates it was intended that venue would be strictly enforced, the purpose of the statute being mainly to ease transfer but in the proper *185 case (see, 1984 Report of NY Law Rev Commn, 1984 NY Legis Doc No. 65 [E]).
Accordingly, the application to transfer the testamentary trust accounting proceeding is denied.